Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7714 | **DATE** | 10/30/2002 |
| **CASE TITLE** | Barbara Graves vs. Donald Theil, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Defendants' motion in limine no. 5 is denied. Defendants' motion in limine nos. 6 and 7 is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 3 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 32 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/30/2002 | |
| | | | date mailed notice | |
| JJK | courtroom deputy's initials | | JJK77 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**OCT 3 1 2002**

| | |
|---|---|
| BARBARA GRAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01 C 7714 |
| ) | |
| DONALD THEIL, JAMES WILSON, ) | Magistrate Judge Schenkier |
| and MARSHALL KITE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In this lawsuit brought pursuant to 42 U.S.C. § 1983, the plaintiff alleges that the defendant officers Wilson and Kite used excessive force in effectuating an arrest on August 25, 2000 – the plaintiff previously dismissed a third officer, Donald Theil, from the case (*see* doc. no. 26). The case is pending before this Court for all purposes, including the entry of final judgment, pursuant to consent of the parties as authorized by 28 U.S.C. § 636(c) (*see* doc. nos. 15-17), and the matter is set for a jury trial to begin on December 16, 2002.

The parties have filed a number of motions *in limine*. Pursuant to an order dated September 11, 2002 (doc. no. 29), this Court ruled on all four of plaintiff's motions *in limine* (Pl.'s Motions *in Limine* Nos. 1-4), and on four of defendants' seven motions *in limine* (Defs.' Motions *in Limine* Nos. 1-4). Since that time, the defendants have withdrawn one additional motion *in limine* (Defs.' Motion *in Limine* No. 5),[1] leaving only two remaining for decision. The Court's rulings on these two motions follow.

---

[1] The defendants' first motion in *limine* sought to bar plaintiff from offering photographs into evidence (Defs.' Motion In *Limine* No. 5). The defendants have withdrawn this motion in their reply to the plaintiffs' answer because plaintiffs have produced the photographs requested. Therefore, the defendants' motion *in limine* to bar the plaintiff from offering photographs into evidence is DENIED.

# I.

In Motion *in Limine* No. 6, the defendants seek to preclude the plaintiff from seeking recovery of lost income arising out of her inability to work as a hairdresser (Defs.' Motion *in Limine* No. 6). The plaintiff had not responded to this motion *in limine*, despite being given the opportunity to do so. When a party does not respond to a motion, the issue is treated as conceded unless there is good reason not to do so.

Here, we find no such reason. In their motion, the defendants argue that the plaintiff is prohibited from seeking recovery of lost income from her work as a hairdresser because she failed to produce evidence of such income during discovery. Pursuant to Fed. R. Civ. P. 37 (c)(1), a party who "without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, . . . information not so disclosed." Here, the plaintiff provided an interrogatory response stating that she missed work as a hairdresser due to the injuries allegedly inflicted by the defendants and the income lost – but did not provide any of the requested information concerning how many days of work she lost or how much income she lost. It is undisputed that the plaintiff did not produce any documents reflecting lost income and appointments due to her injuries, or provide that information in a supplemental interrogatory response or in her deposition testimony. We see no good reason to permit the plaintiff to pursue damages at trial for which she did not provide requested discovery. Thus, defendants' Motion *in Limine* No. 6 is GRANTED, and the plaintiff will be precluded from seeking recovery of lost income arising out of her inability to work as a hairdresser.

## II.

The defendants have also moved to bar the plaintiff from presenting the testimony of any physician other than Drs. DeUrrutia and Mollohan (Motion *in Limine* No. 7). The defendants argue that the plaintiff should not be allowed to call Dr. Radice because the plaintiff failed to disclose that doctor as a treater (Defs.' Mot. at 6-7; Defs.' Reply at 1-2).

Fed. R. Civ. P. 26(a)(2)(A) requires a plaintiff to disclose the identity of any person whom the party may use at trial "to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." This duty of disclosure extends to treating physicians, even though the requirement of submission of an expert report under Rule 26(a)(2)(B) does not. *See Hoover v. United States*, 01 C 2372, 2002 WL 1949734 (N.D. Ill., Aug. 22, 2002); *see also Zurba v. United States*, 202 F.R.D. 590 (N.D. Ill. 2001). Here, Dr. Radice was not disclosed by the plaintiff in response to an interrogatory asking for the identity of all doctors who examined or treated her for the injuries allegedly suffered. Nor did she identify Dr. Radice in response to a production request asking for the resumes of all opinion witnesses who may be called; to the contrary, her answer stated that no opinion witnesses were contemplated.

The plaintiff nonetheless argues that she satisfied this disclosure requirement by her document production responses (in which she produced a document indicating that she was treated at the Elgin Physical Health Center, where Dr. Radice works) (Pl.'s Resp. at 2). However, general references in documentary evidence are usually insufficient to identify potential witnesses pursuant to Rule 26. *See Norman v. CP Rail Systems*, No. 99 C 2823, 2000 WL 1700137, at *1 (N.D. Ill., Nov. 13, 2000)(expecting defendant to search through discovery material to identify potential witnesses contrary to purpose of Rule 26(a)); *Cosey v. City of Chicago*, 97 C 6808, 1999 WL

3

300238, at * 6 (N.D. Ill., Nov. 13, 2000) (initials contained in medical reports produced in response to defendants' request were not sufficient to identify potential witnesses under Rule 26). Rule 26 is "a fairness rule, not a technicality," and one purpose of the rule is to avoid needless effort. *Norman,* 2000 WL 1700137, at * 1. In this case, application of that rule means that the defendants should not have to search through a production response to infer from a reference to a hospital that there may be a treating physician there whom the plaintiff might call as a witness at trial. Indeed, a search in this case would be futile – the records produced do not identify Dr. Radice as a treater.

Finally, the plaintiff did not satisfy her duty of disclosure by merely indicating in her deposition that she intended to see a treating physician on a certain date. *First,* plaintiff does not argue that she ever told the defendants in her deposition where she intended to receive such treatment, or from whom she sought the treatment (Pl.'s Resp. at 2). *Second,* although the defendants sent her a letter on May 16, 2002, following the deposition, asking for the name of the doctor she visited, plaintiff concedes that she did not respond to this letter (Pl.'s Resp. at 2). *Third,* the plaintiff's assertion that the deposition is sufficient to identify Dr. Radice (Pl.'s Resp. at 2) is not supported by an attachment of or citation to the deposition transcript.

Accordingly, defendants' Motion *in Limine* No. 7 is GRANTED; Dr. Radice's testimony will be barred.

4

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

1.  Defendants' Motion *in Limine* No. 5 is DENIED.

2.  Defendants' Motion *in Limine* No. 6 is GRANTED.

3.  Defendants' Motion *in Limine* No.7 is GRANTED.

With respect to those motions that have been granted today and in the Court's September 11, 2002 order, the lawyers are responsible for informing their respective witnesses of the evidence excluded by this opinion, and to take steps to insure that they do not disclose excluded evidence to the jury during their testimony.

ENTER:

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: October 30, 2002**